[No. 25838. *En Banc.* May 11, 1936.]

WELLS & WADE, INC., *Appellant,* v. UNITY ORCHARDS COMPANY, *Respondent.*[1]

[1]Reported in 57 P. (2d) 1050.

*Hughes & Hughes* and *R. L. Clinton*, for appellant.
*Sam R. Sumner* and *Harvey F. Davis*, for respondent.

MILLARD, C. J.—Respondent is a corporation. It owns 253 acres of orchard land, of which it operates about two hundred acres, in Douglas county. The orchard bears from 100,000 to 130,000 boxes of apples annually. In March, 1932, respondent was indebted substantially as follows:

| | |
|---|---|
| Mortgage on real estate to Oregon Mortgage Co. | $24,644.96 |
| Interest due and delinquent | 4,414.80 |
| Taxes delinquent | 5,280.11 |
| Unsecured claims | 79,749.54 |
| Conditional sales contracts | 1,800.00 |
| Total | $115,889.41 |

On March 1, 1932, appellant and the Fender Lumber & Box Company filed a joint complaint in the superior court for Chelan county, alleging that appellant had furnished to the respondent merchandise of the value of approximately $8,135.20, and that the other corporation had supplied materials of the value of $19,040 to the respondent; that these claims were unpaid, and respondent was insolvent. Plaintiffs alleged that they were prosecuting the action for the benefit of all the unsecured creditors of the corporation, and prayed that a receiver be appointed

". . . to take charge of all the property and assets of the defendant corporation with full authority to manage, preserve and care for the property belonging to the defendant corporation and with authority to liquidate the said properties and pay the debts of the defendant corporation and for all other purposes provided by law in such cases."

A hearing on the application for a receiver resulted in a finding of insolvency and the appointment of a

general receiver of all the property and assets of the respondent. The receiver caused notice to creditors to file claims to be published, as the result of which unsecured claims were filed and an order of adjudication of such claims was made. Appellant's claim, with interest, amounted to $8,233.17, and was allowed.

At the time of the appointment of the receiver, respondent corporation had neither money nor credit. Its only prospect of revenue for 1932 was the 1932 crop. The labor and material necessary for the operation of the orchard necessitated the expenditure of approximately one hundred thousand dollars. Application was made by the receiver on April 21, 1932, for funds for that purpose, which were obtained from time to time, as required, after authorization by the court, upon the receiver's certificates.

For the years 1932, 1933 and 1934, the receiver operated the property at a profit. During the period of operation, the receiver paid from the proceeds from the sale of the fruit interest on the first mortgage, taxes for 1928 and 1929, a dividend of ten per cent to the unsecured creditors, and the expenses of the receivership up to and including January 1, 1935.

After three years of operation by the receiver, the respondent was still insolvent. On May 15, 1935, the receiver had in his hands approximately $7,500, out of which he was to be paid added expenses of administration in whatever sum the court should allow, and there remained a claim against respondent of three thousand dollars on the Federal income tax.

The president of respondent corporation and his brother, who was respondent's secretary, were substantial stockholders in respondent corporation. The president and the secretary endeavored during the period of receivership to interest some one with sufficient capital in the matter of lending enough money

to pay the claims against the respondent and have the property released to the corporation. On April 30, 1935, the president and the secretary of respondent made application on behalf of the respondent to the superior court for Chelan county for an order calling a meeting of respondent's creditors for the purpose of considering the following proposed adjustment of its affairs:

"That Unity Orchards Company, a corporation, now submits to the court that it will pay to each and every one of the creditors named in the Order of Adjudication an amount equal to 60% of the remaining indebtedness on such claims, there being already paid a 10% dividend on the claims, such payment to be made to said creditors as soon as the order is made by the court approving such compromise, discharging the receiver and returning the assets to the corporation."

The application was made under the provisions of § 58, chapter 185, Laws of 1933, p. 812 (Rem. 1935 Sup., § 3803-58 [P. C. § 4592-88]), which reads as follows:

"Sec. 58. I. When a compromise or arrangement is proposed between the corporation and its creditors or any class of them, or between the corporation and its shareholders or any class of them, or between the corporation and both creditors and shareholders or any class or classes of them, the court may, upon the application in a summary way of the corporation or of any creditor or shareholder or of a liquidating trustee or receiver of the corporation, order a meeting of the creditors or class of creditors, or of the shareholders or class of shareholders, as the case may be, to be summoned in such manner as the court may direct.

"II. If the majority in number representing three-fourths in value of the creditors or class of creditors, or if the shareholders or class of shareholders holding three-fourths of the voting power of all shareholders or of the class of shareholders, as the case may be,

agree to any compromise or arrangement or to a re-
organization of the corporation as a consequence of
such compromise or arrangement, the said compro-
mise or arrangement and the said reorganization
shall, if sanctioned by the court, be binding on all the
creditors or class of creditors, and on all the share-
holders or class of shareholders, as the case may be,
and also on the corporation and its liquidating trustee
or receiver, if any.''

At the meeting of the creditors on May 15, 1935,
called in accordance with the application referred to
above, in the court room of the superior court for
Chelan county, appellant, who was the only objector,
appeared with its attorneys and presented its written
objections to the proposal. The remaining creditors
of respondent, about fifty in number, representing
eighty-eight per cent in value of the unsecured claims,
with the exception of one, the Malott Motor Company,
which was not present nor represented, voted in favor
of acceptance of the proposal in accordance with the
statute above quoted. After hearing the objections
and considering the financial condition of the respond-
ent, the court entered the following order sanctioning
the proposed compromise, and directed that the assets
of the respondent in the hands of the receiver be im-
mediately returned to respondent, save and except an
amount of money sufficient to cover the further ex-
penses of administration:

''Now, THEREFORE, in conformity with Section
3803-58 of Remington's Revised Statutes of Washing-
ton, the compromise proposed by the Unity Orchards
Company is hereby sanctioned by the court and de-
clared to be binding upon all of the creditors of the
Unity Orchards Company whose claims were allowed
under the order of this court made on the 24th day
of March, 1934, in the above entitled action, and such
compromise is also binding upon C. T. Haskell, the
Receiver, appointed by this Court, of said corpora-
tion, such sanctioning by the court being made for

the reason that it appears from the evidence submitted that more than ¾ths in value of the creditors have agreed to the compromise as submitted;''

Appellant was tendered $4,445.92, which represented sixty per cent of the remainder due appellant, which it refused. The money was thereupon deposited in the registry of the lower court for and on appellant's behalf. Sixty per cent of the amount owing to Malott Motor Company, which was not represented at the meeting, was also deposited in the registry of the court subject to demand.

From this order approving the compromise, the appeal is prosecuted only by Wells & Wade, Inc., its co-plaintiff in the original action not appealing. Appellant's co-plaintiff did not object to the compromise nor its approval by the trial court.

It is unnecessary to discuss all of the assignments of error. In the absence of statutory authority therefor, there could not be a valid reorganization of the corporation such as was ordered in the case at bar if the interests of the stockholders were preserved without preservation of the interests of each creditor. The law is well settled that, in the reorganization of a corporation—no judicial sale of respondent's property was ordered—such as that attempted in the case at bar, each creditor has superior rights against the subordinate interests of the stockholders of the corporation.

The proposed settlement or reorganization of respondent corporation was sanctioned by the court under the provisions of § 58, chapter 185, Laws of 1933, p. 812 (Rem. 1935 Sup., § 3803-58 [P. C. § 4592-88]). That act did not become effective until subsequent to the time the claim of the appellant was adjudicated and became settled. Section 63, p. 814, of the act clearly states that the legislature did not

intend that the act should affect or impair any liability acquired prior to its enactment.

"Sec. 63. This act shall not impair or affect any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this act had not been passed." Rem. 1935 Sup., § 3803-63 [P. C. § 4592-93].

"Sec. 67. This act shall take effect on and after the first day of January, 1934." Rem. 1935 Sup., § 3803-67 [P. C. § 4592-97].

Under the facts in this case, the court was not authorized by chapter 185, Laws of 1933, p. 770 (Rem. 1935 Sup., § 3803-1 [P. C. § 4592-31] *et seq.*), to sanction the compromise or reorganization; and, as above stated, in the absence of statutory authority therefor, stockholders may not by this plan be preferred to creditors. *Northern Pacific R. Co. v. Boyd,* 228 U. S. 482, 33 S. Ct. 554.

The order is reversed.

TOLMAN, MAIN, MITCHELL, BEALS, BLAKE, STEINERT, and GERAGHTY, JJ., concur.